IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALTIMA DIAGNOSTIC IMAGING SOLUTIONS, INC., | § § § § | |
| Plaintiff, | § § | Civil Action No. 3:19-cv-02102-M |
| v. | § § | |
| THE JDIS GROUP, LLC, | § § § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Before the Court is Plaintiff's Motion for Default Judgment. (ECF No. 10). For the following reasons, the Motion is **GRANTED** as to liability.

**I.     Factual and Procedural Background**

Plaintiff Altima Diagnostic Imaging Solutions, Inc. is a domestic corporation organized under the laws of Texas that installs and removes MRI and related equipment. (ECF No. 1 ¶¶ 8, 12–16). Defendant, The JDIS Group, LLC, is a limited liability company organized under the laws of Delaware, with its principal place of business in California, that services and maintains MRI and related equipment. (*Id.* ¶¶ 9, 17–18).

This suit arises from Plaintiff's allegation that it provided services to Defendant under an agreement, and that Defendant has not paid for those services. (*Id.* ¶¶ 19–22). Plaintiff seeks a default judgment against Defendant on its claims for breach of contract and on a sworn account, plus interest.

On September 11, 2019, Defendant was served with process by delivery to its authorized agent. (ECF No. 6). Defendant did not file a request for an extension with the Court, nor answer or otherwise respond. Because Defendant has been served and not answered, the allegations in

Plaintiff's suit are deemed true. *J&J Sports Productions, Inc. v. Morelia Mexican Restaurant, Inc.*, 126 F. Supp. 3d 809, 815 (N.D. Tex. 2015).

From 2015–18, Plaintiff and Defendant agreed that Plaintiff would provide services to Defendant in consideration for payment of service invoices issued. (ECF No. 1 ¶¶ 19–20). Defendant repeatedly agreed that payment on Plaintiff's invoices was owed to Plaintiff. (*Id.* ¶ 21). The past due balance for the services received by Defendant is $1,773,779.04. (*Id.* ¶ 23; ECF No. 3).

On January 31, 2020, the Clerk of Court entered default against Defendant. (ECF No. 11; *see also* Fed. R. Civ. P. 55(a)).

On January 30, 2020, Plaintiff moved for default judgment against Defendant. (ECF No. 10). Plaintiff seeks $1,773,779.04 in actual damages, as well as prejudgment and postjudgment interest.

## II.    Legal Standard

Under Rule 55, courts may enter a default judgment against a defendant who has failed to plead or otherwise defend. Fed. R. Civ. P. 55(a), (b). "Default judgment is proper only if the well-pleaded factual allegations in the [ ] Complaint establish a valid cause of action." *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 385 (W.D. Tex. 2008); *see also Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

The Fifth Circuit employs the following six factors when reviewing a motion for default judgment: (1) "whether material issues of fact are at issue," (2) "whether there has been substantial prejudice," (3) "whether grounds for default are clearly established," (4) "whether default was caused by good faith mistake or excusable neglect," (5) "harshness

of default judgment," and (6) "whether the court would feel obligated to set aside a default on the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Thus, in determining whether a default judgment is appropriate, the Court's analysis is twofold. First, the Court must determine whether entry of default judgment is procedurally appropriate. If the Court finds that a default judgment would be procedurally appropriate, the Court must assess whether there is a sufficient basis in the pleadings for the relief requested. *Nishimatsu*, 515 F.2d at 1206.

### III. Analysis

#### A. Jurisdiction

The Court has subject matter jurisdiction under 28 U.S.C. § 1332(a). (ECF No. 1 ¶ 2). There is complete diversity and the amount in controversy exceeds $75,000, excluding costs and interest.

#### B. *Lindsey* Factors

The Court finds that the six *Lindsey* factors make default appropriate here. Defendant failed to answer or otherwise respond to Plaintiff's Complaint, and thus there are no material facts in dispute. Nearly seven months have elapsed since service of the Complaint on Defendant. The grounds for default judgment against Defendant are clearly established. There is no evidence that Defendant's failure to file an answer or otherwise respond to Plaintiff's Complaint was the result of a good faith mistake or excusable neglect. Defendant's failure to file a responsive pleading or otherwise defend this case for nearly seven months mitigates the harshness of a default judgment. Finally, the Court is not aware of any facts that would give rise to good cause to set aside the default judgment if challenged by Defendant.

#### C. Whether Plaintiff's Complaint Establishes a Viable Claim for Relief

Under Texas law, the elements of a breach of contract claim are (1) the existence of a valid contract, (2) performance or tendered performance by the plaintiff, (3) breach by the defendant, and (4) damages sustained as a result. *Innova Hosp. San Antonio, LP v. Blue Cross and Blue Shield of Georgia, Inc.*, 892 F.3d 719, 731 (5th Cir. 2018).

The elements for a suit on sworn account under Texas law are (1) a sale and delivery of merchandise or performance of services, (2) the amount of the account is just, i.e., the prices were charged in accordance with an agreement, or in the absence of an agreement, they are usual, customary, and reasonable prices for that merchandise or services, and (3) the amount is unpaid. *Adams v. H&H Meat Prods. Inc.,* 41 S.W.3d 762, 773 (Tex. App.—Corpus Christi 2001, no pet.)

The following facts in the Complaint are established. Plaintiff entered into an agreement with Defendant, provided services under that agreement at agreed-upon rates, for which Plaintiff billed $1,773,779.04, consistent with the agreement, and Defendant did not pay for those services. (ECF No. 1 ¶¶ 27–37, 60–64). Thus, Plaintiff is entitled to a default judgment against Defendant on its claims for breach of contract and a sworn account.[1]

**D. Damages**

"A defendant's default concedes the truth of the allegations of the Complaint concerning the defendant's liability, but not damages." *Ins. Co. of the W. v. H&G Contractors, Inc.,* 2011 WL 4738197, at *4 (S. D. Tex. Oct. 5, 2011) (citing *Jackson v. FIE Corp.,* 302 F.3d 515, 521,

---

[1] Plaintiff asserted seven claims in its Complaint, but its Motion for Default Judgment only addresses its claims for breach of contract and for sworn account. Thus, the Court will not consider whether default judgment is warranted on the other claims.

Plaintiff also sought attorney's fees in its Complaint, but not in its Motion for Default Judgment. Thus, the Court will not consider whether attorney's fees are warranted. *See, e.g., Cunningham v. TechStorm, LLC*, No. 3:16-CV-2879-S-BH, 2018 WL 3118400, at *1 n.2, n.4 (N.D. Tex. May 29, 2018) (declining to address plaintiff's claim for attorney's fees where plaintiff did not request such fees in his motion for default judgment).

524–25 (5th Cir. 2002)). Damages can be proven by the pleadings and supporting documents if the damages can be determined by mathematical calculation. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

Plaintiff seeks actual damages of $1,773,779.04, and offers as proof the declaration of Renee Jones, Plaintiff's director of operations, and invoices. (ECF No. 3).

On the top left of each invoice page, the "Client" is "JDI Solutions." (*Id.*) Defendant is The JDIS Group, LLC.

At the top of the first invoice page is also a pink rectangle, inside of which reads, "INDICATES A CHANGE," and certain rows on the following invoice pages are shaded pink. (ECF No. 3 at 3). Plaintiff does not explain the significance of these pink rows, which apparently signify individual transactions, and whether such transactions were included in the calculation of damages.

Plaintiff also alleges that its agreement with Defendant began in 2015 and ended in 2018. (ECF No. 1 ¶ 20). However, the "Issued Date" column for each row, or apparently each transaction, frequently references dates in 2014. (ECF No. 3).

These facts raise questions about the reasonable certainty of Plaintiff's claimed damages. *See Edge Adhesives, Inc. v. Sharpe Concepts, LLC,* No. 4:15-CV-405-O, 2015 WL 12743618, at *6 (N.D. Tex. Aug. 31, 2015); *see also United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). The Court will permit Plaintiff to address these discrepancies in supplemental evidence to be submitted by **May 1, 2020**.

**E.  Interest**

Prejudgment interest compensates a plaintiff for the lost use of funds while the case is pending. *Siam v. Mountain Vista Builders*, 544 S.W.3d 504, 513 (Tex. App.—El Paso 2018, no pet.). Thus, the Court will award prejudgment interest on any damage award it enters. When the interest rate is not specified by contract, the prejudgment rate in a breach of contract case is the same as the postjudgment rate as defined by state law. *Id.* at 514. Under Texas law, when the prime rate as published by the Board of Governors of the Federal Reserve is less than five percent, a postjudgment rate of five percent applies. Tex. Fin. Code § 304.003; *see also Siam*, 544 S.W.3d at 514. The prime rate is less than five percent, so the Court will apply a prejudgment rate of five percent per annum from September 4, 2019, until the date of judgment. *See* "H.15 Selected Interest Rates," Board of Governors of the Federal Reserve System, http://www.federalreserve.gov/releases/h15/current/default.htm (last visited April 2, 2020).

Federal law governs postjudgment interest in federal cases, including diversity cases. 28 U.S.C. § 1961; *Tricon Energy Ltd. v. Vinmar Int'l, Ltd.*, 718 F.3d 448, 456 (5th Cir. 2013). Postjudgment interest will be calculated "from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield," as published by the Board of Governors of the Federal Reserve. 28 U.S.C. § 1961(a).

Accordingly, Plaintiff's Motion for Default Judgment is **GRANTED** as to liability. The Court will address damages after Plaintiff files its supplemental submission.

Costs of court will be taxed against Defendant.

**SO ORDERED**.

April 3, 2020.

*/s/ Barbara M. G. Lynn*
BARBARA M. G. LYNN
CHIEF JUDGE